UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 3572 |
| | ) | |
| FUNDS IN THE AMOUNT OF FIFTEEN THOUSAND DOLLARS ($15,000.00) | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| ALMA LOAIZA, | ) | |
| | ) | |
| Claimant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

      This matter comes before the Court on Claimant's, Alma Loaiza ("Loaiza"), motion to unseal *ex parte* motions. For the reasons set forth below, the motion is denied.

## Background[1]

On July 13, 2004, during the screening of passengers at Midway Airport in Chicago, Illinois, Transportation Security Administration ("TSA") officers noticed that Loaiza, while attempting to pass through security, possessed and was attempting to conceal several rubber-banded bundles of United States currency in her purse. Upon questioning, Loaiza reported to TSA officials that she was traveling to California to purchase a vehicle with the currency. Sensing that further investigation was necessary, TSA contacted the DEA/Chicago Airport Narcotics Interaction Task Force.

Subsequently, Loaiza consented to be interviewed and to have her purse and carry-on bag searched by the DEA. Several bundles of United States currency totaling $15,000.00 were discovered during the search. The DEA seized the currency, issued Loaiza a receipt for said currency and allowed her to continue on the trip. On July 14, 2004, a Cook County Sheriff's Police Department certified narcotics detecting canine reacted positively to the seized currency, thereby indicating that said currency had an odor of narcotics.

On September 8, 2004, the DEA sent Loaiza a Notice of Seizure indicating that the funds were the subject of a forfeiture proceeding, describing the $15,000.00 in

---

[1] The following facts are taken from the Government's verified complaint, as well as the subsequent filings submitted by the parties. These facts are considered true for the purposes of the instant motion only.

United States currency seized from Loaiza and informing her that she could contest the forfeiture by filing a claim with the Forfeiture Counsel of the DEA by October 13, 2004. On September 23, 2004, Loaiza filed such a claim, which the DEA acknowledged in a Claim Acknowledgment Letter on October 7, 2004.

Prior to filing a complaint, this Court granted three *ex parte* requests that were made under seal to extend the applicable limitations period for filing a complaint on December 23, 2004, February 18, 2005, and April 21, 2005. The last extension granted was to June 21, 2005. On June 20, 2005, the Government filed its verified complaint, and the case was assigned to Judge Zagel. On July 21, 2005, Loaiza moved to dismiss the complaint and alleged that the court did not have jurisdiction pursuant to § 18 U.S.C. 983(a)(3), because the complaint was not filed within the applicable 90 day limitations period. On October 31, 2005, the Government answered the motion to dismiss and asserted the defense that this Court extended the applicable filing time and that the verified complaint was filed within said extension. On February 28, 2006, Loaiza filed the instant motion to unseal *ex parte* motions, and Judge Zagel subsequently authorized the transfer of the instant motion to this Court for ruling.

## **Discussion**

Loaiza asserts that the Government acted outside the scope of 18 U.S.C. § 983 thereby violating her due process rights by not notifying her of, and affording her an

opportunity to respond to, the *ex parte* motions to extend the limitations period filed under seal. § 983(a)(3)(A) states:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

The Government, in contrast, contends that the motions were made in connection with an ongoing grand jury investigation, so notice was not required.

Specifically, the Government contends that it acted in accordance with Fed. R. Civ. P. 6(e) by not disclosing the requests to extend, because said requests pertained to an ongoing grand jury investigation. Rule 6(e) prohibits the disclosure of grand jury matters, subject to limited exceptions, and thereby "protects grand jury secrecy in order to promote important institutional and private interests." Dexia Credit Local v. Rogan, 395 F. Supp.2d 709, 714 (N.D. Ill. 2005) (relying on In Matter of Special March 1981 Grand Jury (Almond Pharmacy, Inc.), 753 F.2d 575, 578 (7th Cir.1985)). Specifically, Rules 6(e)(5) and (6) state:

> (5) **Closed Hearing**. Subject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before a grand jury.
>
> (6) **Sealed Records**. Records, orders, and subpoenas relating to grand jury proceedings must be kept under seal to the extent and as long as

> necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.

It is evident from the submitted filings that the Government's requests for additional time were based on information in connection with a grand jury investigation. The disclosure that Loaiza submits was necessary may well have undermined the grand jury investigation. Consequently, the ongoing grand jury investigation and the related nature of the funds required that the motions to extend be filed ex parte and under seal. Further, the relatedness of the funds and the grand jury proceeding constituted a good cause to extend that applicable limitations period under § 983(a)(3).

Loaiza asserts that the *ex parte* motions filed under seal and our resulting orders granting the extensions of time violated her due process rights. However, as previously discussed, it is evident that the ongoing nature of the grand jury investigation constituted a "good cause" for which the extensions were proper under § 983(a)(3)(A). In addition, because of the secret nature of grand jury proceedings, motions were justly filed *ex parte* and under seal. Further, Loaiza has been afforded the opportunity to contest the forfeiture of the currency in the instant action and, as such, cannot be said to have been deprived of her due process rights.

## **Conclusion**

For the foregoing reason, Loaiza's motion to unseal *ex parte* motions is denied.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  **April 20, 2006**